*E. Johnson*, for complainant.

---

## JAMES R. HOLT, Jr., *v.* GEORGE LYCURGUS.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 5, 1895.                    DECIDED JULY 11, 1895.

JUDD, C.J., FREAR, J., AND WHITING, CIRCUIT JUDGE, WHO SAT IN PLACE OF BICKERTON, J., ABSENT FROM ILLNESS.

The allowance of an answer to the set off of the defendant at the time of trial, there being no default taken out by defendant, was in the discretion of the Court. The answer to the set off was accompanied by an affidavit of merits.

Where it appears that the verdict awards less interest than the jury might have found, the defendant is not injured and the verdict will not be set aside or a new trial granted on that ground to defendant.

OPINION OF THE COURT BY CIRCUIT JUDGE WHITING.

The plaintiff brought his action to recover $710.96 of defendant, whereof $581.12½ was a balance of account and the rest interest. The bill of particulars of the complaint showed credits or payments made by defendant, one of which is an item, a note for $410. The defendant filed a general denial and also *contra* claim of a note $431.25; a $110 I. O. U. and a $30 I. O. U. The plaintiff filed no denial to this set off of defendant until the opening of the case for trial, when he filed a denial and also plea of payment, to the item $431.25 note, with an affidavit of merits. No affidavit of merits was made to the items, the I. O. U.'s for $110 and $30. The defendant had taken no steps to default plaintiff or bar him from contesting the set off. The Court in its discretion allowed the answer to the set off and the defendant excepted.

An affidavit of merits accompanied the request to make answer to set off of defendant, and from the case itself we cannot say that there was an abuse of discretion in the Court allowing the answer, there being no default taken out.

The defendant excepted to the verdict on the ground that the evidence did not support it and that the jury had no proper basis on which to render the verdict they did.

The jury apparently allowed the amount of plaintiff's claim $581.12½ as principal and deducted therefrom $110 and $30, I. O. U's allowed to defendant and the further sum of $21.25, leaving a balance of $419.87 for which they found a verdict for plaintiff and interest thereon from Oct. 4, 1891.

The item $431.25 was in dispute and the plaintiff claimed it was the same as the allowance of the $410 note made to defendant in plaintiff's bill of particulars, except this, that he received cash and a wagon together of the value of $410 and there was a small account owing Lycurgus for merchandise $21.25 and that was put in the note making it $431.25 but that it was the same item and an error of his counsel in not putting in the correct figures. No books of account were

produced by the parties and the jury evidently reconciled the contradictory evidence in favor of the plaintiff, allowing however $21.25 in favor of defendant. The jury evidently struck the balance at $419.87 and then allowed interest from Oct. 4, 1891, the date of the last credit although that was not the last transaction between the parties. The jury may have erred in fixing the date at Oct. 4, 1891, from which interest should run, but this alone is not sufficient to warrant the reversal of the verdict and the granting of a new trial.

The interest may be considered as damages and upon a calculation of interest upon each item shows that the jury might have awarded a larger sum as interest. The defendant is not injured by the award against him of a less sum as interest and the verdict must stand.

Exceptions overruled.

*Carter & Kinney,* for plaintiff.

*P. Neumann,* for defendant.