Syllabus.

# E. W. BARNARD AND A. L. MOSES, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME OF E. W. BARNARD *v.* ANTONE NOBRIGA.

## No. 1245.

RESERVED QUESTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

ARGUED JANUARY 17, 1920.                    DECIDED JANUARY 28, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

SET-OFF AND COUNTER-CLAIM—*reply ·not required.*
> There is no provision in our statutes requiring a plaintiff to reply or otherwise plead to the allegations contained in a set-off interposed by a defendant.

SAME—*judgment of default.*
> Under our laws a judgment of default against a plaintiff for failure to plead to a set-off is not authorized.

### OPINION OF THE COURT BY COKE, C. J.

This case has come up on reserved questions from the circuit court of the fourth circuit. The plaintiffs instituted an action in assumpsit against the defendant in the court below demanding judgment for $1475.76. The defendant interposed an answer denying generally the allegations contained in the complaint and then incorporated into his answer a set-off against plaintiffs for which he claimed judgment in assumpsit against plaintiffs in the sum of $682.90. The plaintiffs interposed no reply, demurrer or other answer to the set-off of defendant and after the lapse of about twelve months the defendant secured an order of default against the plaintiffs. Thereupon the plaintiffs moved for an order setting aside the default upon the ground that the same was irregularly

and inadvertently entered and was contrary to the statutes of the Territory of Hawaii authorizing entry of defaults in actions at law and that the court had no jurisdiction to enter the default.

The judge of the circuit court refrained from passing upon the merits of the motion and has reserved to this court two questions as follows: (1) "Has the court under the provisions of the Revised Laws the authority to enter a default upon a set-off of the defendant such as was pleaded in this cause in defendant's answer?" (2) "Would this court be authorized in setting aside the default heretofore entered by it in this cause upon the foregoing record?"

Should reserved question No. 1 be answered in the negative it follows that question No. 2 should be answered in the affirmative.

The plaintiffs maintain that under the Hawaiian statutes no reply of any kind to a set-off pleaded by a defendant is required or even contemplated. Section 2360 R. L. 1915 provides that "It shall be incumbent upon every defendant served with process of summons as hereinbefore provided, within the time specified in the summons or order of publication, to file with the clerk of the court an answer to the plaintiff's demand," etc., and the following sections indicate the procedure to be followed by plaintiff to obtain judgment of default against the defendant for failure to answer as required by section 2360. Section 2385 R. L. provides that "It shall be competent for the defendant in any civil action to plead an off-set of like kind and denomination, existing in the same right, between him and the plaintiff," etc. And section 2390 R. L. provides that "The plaintiff shall be entitled to every ground of defense against such set-off, of which he might have availed himself, in an action brought against him on the same ground." Section 2392

R. L. provides that where a set-off has been pleaded judgment shall be rendered in favor of the party to whom a balance is found due for the amount of such balance. It will be noticed that there is no provision in the statute requiring a plaintiff to reply or otherwise plead to the allegations contained in a set-off interposed by a defendant. If this court should attempt to so interpret the statute as to require a reply or demurrer to a set-off still the time for filing such reply or demurrer would be left to conjecture unless we went further and fixed the time, all of which would impose duties and burdens which the legislature apparently deemed it unwise to prescribe.

The defendant relies upon the opinion of this court in *Holt* v. *Lycurgus,* 10 Haw. 72. But that opinion only touches upon the subject incidentally and by way of dicta and cannot be accepted as an authority dealing with the question now before us.

The general rule announced by text writers and laid down in the decisions on the mainland requires a plaintiff to reply or demur to a counter-claim or suffer judgment of default on motion of the defendant. See 24 R. C. L. 878; *Gunn's Administrator* v. *Todd,* 21 Mo. 303 and *Magpie Gold Mining Co.* v. *Sherman,* 23 S. D. 231. But a careful examination of the authorities upholding this rule discloses that the same has been adopted in the presence of local statutory provisions expressly requiring a plaintiff to reply or demur to a set-off or counter-claim and upon his failure to do so a judgment of default may be taken against him. "When the answer contains new matter constituting a counter-claim the plaintiff may within thirty days reply to such matter denying generally or specifically each allegation controverted by him * * * and the plaintiff may in all cases demur to an answer containing new matter," etc. Sec. 130 Code Civ. Proc., Rev. Codes S. D. 1903. Again in the same statutes (Sec.

145): "Every material allegation of new matter in the answer, constituting a counter-claim, not controverted by the reply, as prescribed in section 130 of this code shall for the purposes of the action be taken as true." And we find similar provisions in the statutes of Missouri, Oregon, Oklahoma, and in fact most if not all of the states on the mainland. But in this Territory we have no such statutory provision, hence the authority for the rule is absent in Hawaii. If it be argued that the rule should be enforced by virtue of the common law the answer is that the doctrine of set-off did not exist at common law but was borrowed from the civil law and is dependent for its existence upon statutory enactment. *United States* v. *Eckford,* 6 Wall. 484; *Hall* v. *United States,* 91 U. S. 559; *Scott* v. *Armstrong,* 146 U. S. 499; *Roach* v. *Privett,* 90 Ala. 391; *Woods* v. *Ayers,* 39 Mich. 345; *Patterson* v. *Patterson,* 59 N. Y. 574.

It may well be said that our statutes are deficient in that they do not require a plaintiff to controvert the allegations contained in a set-off so that the defendant as well as the court may be advised in advance of the trial just what are the issues involved. But this we think is a matter properly calling for legislative and not judicial remedy.

The reserved question No. 1 is answered in the negative and the reserved question No. 2 is answered in the affirmative.

*Fred Patterson* (*Russell & Patterson* on the brief) for plaintiffs.

*H. L. Ross* (*W. S. Wise* with him on the brief) for defendant.