DowNey, Judge,
delivered the opinion of the court:
Amelia W. Leavitt conveyed real estate valued at $238,000 to her daughter, Sarah Leavitt Meyer, an only child, on October 7, 1919, and died, at the age of 64 years, on December 1, 1919.
When her husband, G. Howland Leavitt, who had duly qualified as executor, made return to the collector of internal revenue for Federal estate tax purposes, he reported this conveyance but did not include the value of that real estate in the estate subject to taxation, because, as he maintained, the conveyance, although made within two years of the decedent’s death, was not made in contemplation of death within the meaning of the statute in such cases applicable.
Upon the estate as returned, valued at $805,115.66, the executor, in January, 1921, paid the assessed tax of $35,-909.14. Thereafter, over the protest of the executor, the Commissioner of Internal Revenue added to the gross estate, aside from some small items not in question, the sum of $238,000 as the value of the land so conveyed, on the ground that the conveyance was made in contemplation of death, and assessed an additional tax of $19,995.69 on account thereof, which was paid under protest. An application for refund,- duly made, was refused, and again refused on rehearing.
The question, which is simple, arises under the evidence in the case by reason of the provisions of subdivision (c) of section 402 of the revenue act of 1918, in effect February 25, 1919, which is as follows:
“ Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time *482 of bis death of all property, real or personal, tangible or intangible, wherever situated * * *
“(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after death (whether such transfer or trust is made or created before or after the passage of this act), except in case of a bona fide sale for a fair consideration in money or money’s worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title; * * * ”
The findings quite fully state the facts as to the conveyance and go somewhat into detail as to the physical and mental condition of the decedent and the circumstances surrounding her death. They need not be repeated except as reference becomes appropriate.
The quoted paragraph of the revenue act does unquestionably declare a presumption arising out of a conveyance within two years of death in the absence of a sale for a fair consideration, but it is equally unquestionable that it is a rebuttable presumption. The purpose is apparent. The revenue act, in this particular feature, contemplated the taxing of estates, and the paragraph quoted was intended to prevent one who saw death staring him in the face from nullifying the statute by conveyance of his property, and this evidently had to be done by creating a presumption in law arising out of a conveyance within a stated time, but it was not intended thereby to prohibit or penalize legitimate conveyances not made for the purpose of evading taxation, and hence the language permitting an escape from the presumption upon a showing to the contrary.
A review of the authorities is scarcely necessary to sustain the proposition that the contemplation of death referred to in the statute is not that contemplation of death which must be present with all of us, mindful of its certainty at some time, we know not when, but it is that state of mind which by reason of advanced age, serious illness, or other producing cause induces the conviction that death *483 in tbe near future is to be anticipated. If it be said that there need not be a conviction that death is imminent, there must at least be a belief that it is to be expected in the very-near future rather than in the usual course of events. And in this state of mind, in this belief in the near approach of death, must be found the motive for the conveyance if it is properly to be characterized as made in contemplation of death.
The question necessarily involves the determination of a mental state, and that, too, the mental state at a given time of one who, at the time the question is for determination, has passed from life. The difficulties are therefore apparent. In the absence of proof as to express declarations of the decedent — seldom, we may assume, available to the Government — the burden of affirmative proof could but rarely, if ever, be successfully assumed; and wisely, therefore, and perhaps of necessity also, the law has relieved the Government, under the condition stated, of the burden and created the presumption.
But what is the result? Can it go further than to shift the burden of proof, leaving the presumption to prevail in the Government’s favor in the absence of a reasonable showing to the contrary? Taxing statutes, when of doubtful interpretation, are always to be construed in favor of the taxpayer, and the spirit of this rule must be completely ignored if, in determining a question of fact as between the Government and the taxpayer, rigorous rules as to the proof required to overcome the presumption of the law are to be applied. For if the Government was deemed entitled to a presumption in its favor because of the difficulties of proof, it is to be borne in mind that even though a conveyance was in fact not in any degree made in contemplation of death, the personal representatives might and frequently would be beset by many difficulties in proving that negative fact. Circumstances must largely be relied upon, and these should be fairly — indeed, we think liberally — construed in favor of the taxpayer.
But while this is the view properly to be applied in the determination of this case under the evidence as we see it, we see no necessity for the invoking of any rule of liberality *484 in behalf of the taxpayer, for under any conceivable rules of evidence property applicable to the determination of a proposition not in the nature of a tangible fact the plaintiffs have sufficiently assumed the burden which under the law they must assume to relieve the transaction in question of its presumptive character.
We do not find it necessary to review in detail the facts set otit in the findings. Not one, in our judgment, tends to support the presumption in which the Government may indulge under the law, but combined they very successfully rebut that presumption. This conveyance had been contemplated for several years and for manifest reasons. It was substantial, or, in the language of the statute, a material part of the whole estate, but it was less than one-fourth in value of the entire estate, it passed to an only child, and in the hands of the grantor it was an unproductive part of her ■estate. We have not found it necessary to set out in the findings proven facts bearing upon the possible utilization ■of the property for development purposes by the husband ■of the daughter.
The record justifies the conclusion that during 1919 and .at the time of this conveyance Mrs. Leavitt was in about her usual health, cheerful of disposition, discharging her usual duties, indulging in her accustomed pleasures, and planning for the future. True, she had a serious disease, discoverable by urinal analysis, one which might become acute and end her life at any time, but up to the time this conveyance was made it had never reached an acute stage, and she did not know she had it. Of what effect on her mental state could 'be a physical condition of which she knew not ?
Her single-quoted declaration, referred to by the defendant, is that set out in Finding IX, wherein, in connection with one of the many conversations with reference to the conveyance of this property to her daughter, she said to her that her father had gotten to the point where he did not want the responsibility of attending to this property and that “ we are coming to the age where you children should take over the responsibility and the troubles.”. The manifest solicitude was apparently more for her husband than for herself, but in any event the shifting, of some of the burden *485 onto the son-in-law and daughter, especially since it had long-before been determined that she was to have this property, was but natural and justified no interference as to any apprehension for the immediate future.
Some stress is laid upon her age. It is said (italics included) with the above quotation as a basis that “ Her age was in her mind when she talked about the gift. Is it unreasonable to assume that it was in her mind when she made the gift?” With the vigor of youth still flowing through his veins counsel is perhaps not to be blamed if perchance he is not able to look upon life, its beauties and its prospects, through eyes which, though possibly dimmed by the passage of years, yet look with keen anticipation upon the fruition of the years yet to come. Mrs. Leavitt was 64 years old when she made this deed. She had yet remaining to her 6 years of the biblically allotted period, and under the usual rule applicable in the compilation of mortality tables, of which the courts take judicial knowledge, she had an expectancy of 11 years. And, for ought that appears, she, in common with the rest of humanity, expected to outlive her allotted time.
Contrary to the first two contentions by defendant’s counsel. we conclude that the conveyance in question was not made in contemplation of death and that the evidence is amply sufficient to overcome the presumption raised by the law.
The second contention is that the finding of the Commissioner of Internal Revenue is conclusive and may not be reviewed by this court. This latter contention seems to us so clearly untenable as to obviate any need of discussion. To so hold would be to deprive taxpayers of a right accorded them by statute and leave them without remedy where remedy was provided. Authorities are cited in support of the contention, but we do not regard them as applicable to the present case.
We conclude that the plaintiffs are entitled to recover and have directed judgment accordingly.
Graham, Judge; Hay, Judge; Booth, Judge,; and Campbell, Chief Justice, concur.