GreeN, Judge,
delivered the opinion of the court:
The plaintiffs in this case seek to obtain a refund of taxes paid by them upon the amount of certain gifts made by the decedent, of whose estate they are executors. The gifts were made within two years prior to the death of the decedent. There is no claim that they were made as a substitute for a testamentary devise in order to avoid the estate tax, but it is urged on behalf of the defendant that they were made “ in contemplation of death ” within the meaning of the statute, and the evidence shows that the commissioner included the value of the gifts in the gross estate. The plaintiffs paid under protest the additional tax assessed by reason of such inclusion, which was $56,134.98, and claiming that is was unlawfully assessed ask judgment for that amount.
*245 Both the revenue acts of 1918, 40 Stat. 1057, and 1921, 42 Stat. 227, provide for the inclusion in the gross estate of a decedent of any property of which he has made a transfer in contemplation of death, except in a case of a bona fide sale for a fair consideration, and also that—
“ Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.”
It is contended on behalf of plaintiffs, for certain reasons which we need not set out here, that the statute of 1921, passed after the date when the gifts in question were made, applies to this case, and when so applied is unconstitutional and void. By reason of the views hereinafter set forth it is not necessary to express an opinion on the points involved in this claim.
It is not easy to define the expression “ in contemplation of death ” as used in the statute and the authorities are not uniform as to its proper construction. In Meyer v. United States, 60 C. Cls. 474, 482, it is said:
“ A review of the authorities is scarcely necessary to sustain the proposition that the contemplation of death referred to in the statute is not that contemplation of death which must be present with all of us, mindful of its certainty at some time, we know not when, but it is that state of mind which by reason of advanced age, serious illness, or other producing cause induces the conviction that death in the near future is to be anticipated. If it be said that there need not be a conviction that death is imminent, there must at least be a belief that it is to be expected in the very near future rather than in the usual course of events. And in this state of mind, in this belief in the near approach of death, must be found the motive for the conveyance if it is properly to be characterized as made in contemplation of death.”
If the rule laid down in the case just cited is applied, we think it clear that the transfer in question can not be held to have been made in contemplation of death. The evidence fails to show that the decedent had any reason to expect *246 death in the very near future. There was nothing in her demeanor or her activities to indicate such an expectation. On the contrary, the circumstances surrounding the execution of the transfers in question tend to show that she did not expect death in the near future. The evidence shows that jn the first instance the gifts were actuated by the advice of her attorney who called attention to the condition of her property in Mexico and suggested that she make some provision or -codicil so as to make sure that the persons who were nearest to her received the full amount of the legacies in the event that upon her death her estate might not be equal to meet all of the legacies, and that her purpose was also to gratify a desire that the donees should receive the money at once in order that they could enter upon the enjoyment of it.
There is, upon the other side, the fact of her advanced age with a comparatively short expectancy of life and also the fact that her hands shook, especially when writing, and not long after the execution of the transfers she had a discharge from one of her breasts which, however, subsequently healed. But advanced age alone is not sufficient to show that a transfer was made in contemplation of death, and none of the other matters are sufficient to show at the time of the transfers any belief on her part in the near approach of death. The evidence shows that she was cheerful, active for a person of her age, and in other respects her acts and conduct were not such as to indicate that she had any fear or expectation of impending death.
The writer of this opinion, however, thinks that the construction of the words “ in contemplation of death ” set out in the opinion in the Meyer ease is altogether too narrow. “ Contemplation ” may mean “ expectation,” but this meaning can not be applied without qualifications, as the opinion in that case shows. In common use “ contemplation ” means “ consideration with attention ” and making a transfer “ in contemplation of death ” would, as the writer thinks, mean that the transfer was actuated or brought about by a consideration of death with attention. There would seem to be no reason why, if Congress meant “ expectation ” by the use of the word “ contemplation,” it should not have used the *247 former word instead of another which might or might not have that meaning.
If the construction last above set forth should be applied, the decision becomes more doubtful, but on the whole it would seem that the result must be the same. While in one sense death was considered when the testator concluded that she wanted the beneficiaries to have the property at once instead of at her death in the indefinite future, she was not actuated by a consideration of death nor did her motive in making the transfer arise therefrom. The controlling in-, fluence seems to have been the advice of her attorney with reference to the condition of her estate and a desire that the donees should immediately receive the benefits of her bounty without being obliged to wait for her death.
The statute creates a presumption, but that presumption may be overcome by credible evidence to the contrary. This, we think, has been done. It follows that plaintiffs are entitled to recover the amount of additional tax assessed on account of the gifts in question, and judgment will be rendered accordingly. It is so ordered.
Sinnott, Judge; Moss, Judge; and Booth, Chief Justice, concur in the result.
Gkaham, Judge, took no part in the decision of this case.