**LOETSCHER et al. v. BURNET, Commissioner of Internal Revenue.**

No. 5011.

Court of Appeals of District of Columbia.

Argued Nov. 5, 1930.

Decided Jan. 6, 1931.

F. W. McReynolds, of Washington, D. C., for appellants.

Sewall Key, C. M. Charest, and W. C. Thompson, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decision of the Board of Tax Appeals sustaining a decision of the Commissioner of Internal Revenue, who had assessed a deficiency tax upon gifts of stock dividends made by Christian Loetscher to each of his eight children.

The question for determination is whether the record as a whole, due regard being given to the statutory presumption, substantially supports the conclusion of the Board that these gifts were made "in contemplation of death."

The government introduced no evidence before the Board. The evidence for the appellants was substantially as follows: In 1876 Mr. Loetscher founded the Farley & Loetscher Manufacturing Company at Dubuque, Iowa. The business prospered. Of the eight living children of the Loetschers, four of the five sons entered the employ of the company as soon as they were out of school, and continued therewith. The remaining son, a minister, is a professor at Princeton University. The husbands of two of the daughters are also connected with the company; the third is a professor at McAllister College. At the time of the gifts there were 24 grandchildren, ranging from 22 down to 9 years. Mr. Loetscher, his sons and sons-in-law, received small salaries. It was the policy of the company to declare small dividends on invested capital and to allow accumulations of surplus earnings. From time to time these surplus earnings were capitalized by the company, and stock issued therefor. On each of these occasions Mr. Loetscher made gifts to his children of a portion of the stock received by him as a stock dividend. In addition, he gave to each child $3,000 worth of stock in the company as he or she arrived at the age of 21 years. Stock dividend gifts to each child were as follows:

| | |
|---|---|
| January 4, 1911 | $ 4,000 |
| January 17, 1914 | 1,000 |
| January 26, 1915 | 1,000 |
| April 15, 1916 | 15,000 |
| February, 1921 | 25,000 |

It is the last gift which is involved in this appeal.

In the latter part of 1920 Mr. Loetscher instructed his son John, who was secretary of the company, to arrange with the company's attorneys to have the capital stock increased. On December 1, 1920, he handed his son a memorandum directing him to issue $25,000 worth of stock to each child as soon as the capital stock had been increased and a stock dividend declared. It was the purpose of Mr. Loetscher to have these gifts ready for Christmas, "but on account of the red tape incident to getting the new stock issued, it was February nineteenth (1921) before the certificates could be issued."

Mr. Loetscher died of Bright's disease on May 10, 1922, at the age of 71 years. His gross estate, exclusive of the eight gifts, amounted to more than $500,000. The gifts, therefore, amounted to about 30 per cent. of his available assets. At the time he made the gifts, according to the testimony of the physicians who attended him, "he had some slight hardening of the arteries, not excessive," which "did not have anything to do with the cause of his death." He also had an enlarged spleen, and as to that the doctor testified, "I don't think it had anything to do with his death." The doctor further testified that his heart's action "may have been weak, but not marked." The doctor further testified: "Speaking of 1921 as a whole, his general physical condition was very good and his mental condition first-class. He did not, at any time, give any sign or indication, during that time, that he thought there was anything serious the matter with him, anything that would likely result in death at any time in the near future."

The record of calls made from February 21, 1920, to November 24, 1920, discloses that but one test of the urine was made during that time; namely, on August 16, 1920. The doctor testified: "I would surmise that, had the urine examination of August 16, 1920, shown any serious symptoms, I would have had further urinal examinations about that time." This record and the testimony of the doctors indicates very clearly that it was not until September, 1921, that Bright's disease developed. There is not a line of testimony to the effect that Mr. Loetscher at any time prior to 1922 considered his condition serious or that death was imminent. The testimony, on the contrary, is to the effect that he was always cheerful and optimistic, and planning for the future.

The Board, after briefly discussing the evidence, observed: "Without discussing in further detail the evidence, with respect to his physical condition, it might be observed that it leads to the conclusion that the decedent had *reason to believe* that death was to be expected in the near future, although there is nothing which would indicate that at any time he expected it from day to day." (Italics ours.)

Section 402(c) of the Revenue Act of 1921 (42 Stat. 227, 278) provides that a transfer of a material part of the property of a decedent in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death.

■■ This provision has been interpreted to mean that the thought of death must be the actuating motive, without which the gift would not have been made, and that gifts inter vivos are not taxable under this statute, unless it can be said under the facts in each case that they are testamentary in purpose. Flannery v. Willcuts (C. C. A.) 25 F.(2d) 951; Off v. United States (D. C.) 35 F.(2d) 222; Meyer v. United States, 60 Ct. Cl. 474; Howard v. United States, 65 Ct. Cl. 332; Safford v. United States, 66 Ct. Cl. 242.

■■ In our view, there is no substantial evidence in this case that the gifts involved were made in contemplation of death. On the contrary, the evidence is to the opposite effect. Over a period of ten years gifts of a similar character had been made. Four of the donees were employees of the company, and the husbands of two of the others also were employees. As such employees they received small salaries, and these gifts represented earnings of the company. In the circumstances, it was natural and reasonable that Mr. Loetscher from time to time should distribute a part of the earnings of his company among those who had helped him develop the company and make earnings possible. The facts are inconsistent with the presumption that the gifts in question were made in contemplation of death. Therefore that presumption must give way. Flannery v. Willcuts (C. C. A.) 25 F.(2d) 951.

■ Appellants further contend that they are entitled to an allowance of $2,500 for attorneys fees incurred in the proceeding before the Board of Tax Appeals. No testimony was offered before the Board as to the value of

such services. For that reason the claim was not allowed. In the absence of evidence as to the value of the services, we cannot say that the Board erred.

The decision is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.