**UNITED STATES v. PUSEY et al.**
No. 6126.

Circuit Court of Appeals, Ninth Circuit.
Feb. 16, 1931.

George J. Hatfield, U. S. Atty., and Chellis M. Carpenter, Asst. U. S. Atty., both of San Francisco, Cal.

Carey Van Fleet, of San Francisco, Cal., for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought January 14, 1927, by the government to recover $11,287.-10 which had theretofore been refunded to the appellees because it was a portion of the estate tax levied upon the estate of William H. Mackinnon and was returned upon the theory that in levying the tax the Commissioner was in error in including in the estate taxed all the community property of the decedent. Subsequently the Supreme Court of the United States in United States v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285, held that, in the event of the death of the husband, the whole of the California community property in his estate was subject to the estate tax. Thereupon this action was brought to recover the amount so erroneously refunded to the appellees. It is not questioned that such an action can be maintained. Talcott v. United States (C. C. A.) 23 F.(2d) 897; United States v. Standard Spring Mfg. Co. (D. C.) 23 F.(2d) 495. The appellees defended the action by interposing what they styled a counterclaim. This counterclaim is based upon the contention that the original levy of the estate tax was erroneous for an entirely different reason, that is, that there was included in the gross estate of $514,632.02 real estate valued at $368,376 which had been transferred by the decedent to his wife by deed dated December 13, 1920. Decedent died January 16, 1921. The assessment was levied by the Commissioner in pursuance of a finding by him that this transfer was a gift in contemplation of death and therefore assessable as a part of the estate. The appellees allege in their answer that the transfer was not made in contemplation of his death within the meaning of that term as applied to taxation of property in an estate. This issue was submitted to the jury and a general verdict rendered in favor of the defendant, the effect of which under the instruction of the court was to determine that the transfer in question was not made in contemplation of death. The effect of this decision is that the amount of the tax as originally fixed by the Commissioner was greater than it should have been by more than the amount of the claim sued upon by the government. The appellant seasonably objected to the trial of this issue and to the sufficiency of the answer and of the evidence upon the ground that a counterclaim for the amount of the tax assessed upon the property transferred in contemplation of death could not be set up by way of counterclaim unless and until it had been submitted to the fiscal authorities of the government for allowance or rejection, as required by section 951 of the Revised Statutes (28 USCA § 724). It was conceded by the appellees upon the argument that, because of their failure to present their claim as required by section 951, Revised Statutes (28 USCA § 774; Hall v. U. S., 91 U. S. 559, 23 L. Ed. 446; U. S. v. Robeson, 34 U. S. [9 Pet.] 319, 9 L. Ed. 142; Watkins v. U. S., 76 U. S. [9 Wall.] 759, 19 L. Ed. 820; Western Union Ry. Co. v. U. S., 101 U. S. 543, 25 L. Ed. 1068; Yates v. U. S. [C. C. A.] 90 F. 57; U. S. v. Cantrall [C. C.] 176 F. 949, 503; U. S. v. Patterson [C. C.] 91 F. 854), they could not properly assert the same in this action by way of counterclaim or set-off. They assert, however, that the claim they advanced in the trial court is not, strictly speaking, a counterclaim or set-off because it is a defense to the original assessment and is therefore permissible in this action brought to recover the amounts refunded by the government to the appellees. It is clear that the basis of the government's action is that the original tax is valid, and that the refund was the result of a mistake as to the amount of property subject to tax. There was necessarily involved in this claim the contention that the original assessment was valid. There seems no good reason why the appellees could not in this action present any defense they may have had to the original assessment. This is the sole question raised by the appellant, although it is also presented on the claim that the District Court had no jurisdiction of the subject-matter of the claim. This contention is based upon the proposition that the government cannot be sued without its consent, but this point is only made to enforce the proposition that section 951, Revised Statutes (28 USCA § 774) is a conditional consent by the United States to counterclaims or set-offs where the same had been theretofore submitted to the fiscal authorities of the government.

It is clear that the defense made here is nothing more nor less than an assertion that the original tax is excessive by reason of the fact that the inclusion in the estate of $368,-376 worth of property was erroneous; that this property should have been omitted, and that the total tax originally assessed should have been less by the amount of $12,133.59 than the tax fixed by the commissioner. This defense could have been interposed in an action brought by the government to collect the original tax (Clinkenbeard v. U. S., 21 Wall. 65, 22 L. Ed. 477; U. S. v. Nebr. Dist. Co. [C. C. A.] 80 F. 285; DeBary v. Dunne [C. C.] 162 F. 961, 964); or the tax could have been paid under protest and an action to re-

cover that portion thereof due to the erroneous inclusion therein of property which is not subject to tax could have been maintained by the taxpayer. Meyer v. U. S., 60 Ct. Cl. 474; Rea v. Heiner (D. C.) 6 F.(2d) 389; Smart v. U. S. (D. C.) 21 F.(2d) 188; Wells v. U. S. (Ct. Cl.) 39 F.(2d) 998. Clearly it can also be interposed here.

In view of the conclusion we have reached, it is unnecessary to consider the motion to strike out the bill of exceptions.

Judgment affirmed.