**BOCKMAN**
v.
**KELM, Collector of Internal Revenue.**
**Civ. No. 4240.**

United States District Court
D. Minnesota, Fourth Division.

Jan. 4, 1954.

Paul McMahon, Sp. Asst. to Atty. Gen., Washington, D. C., and George E. MacKinnon, U. S. Atty., St. Paul, Minn., for defendant in support of said motion.

R. H. Fryberger, Minneapolis, Minn., for plaintiff in opposition thereto.

DONOVAN, District Judge.

Plaintiff by this action sought recovery of federal estate taxes in the sum of $9,061.13, paid under protest to the Collector of Internal Revenue. Plaintiff requested a jury trial. The verdict was in favor of plaintiff for the full amount. There is no dispute but that plaintiff

had the right to bring individual action for the amount paid defendant.[1]

The only issues of fact for the jury to decide were whether two transfers of property from one Carrie Reed Bennett to the plaintiff were outright and absolute gifts, with no strings attached, or whether the transfers were made in contemplation of death.[2]

The facts are undisputed that the transfers in question concern $20,000 in United States Treasury Bonds, earmarked as plaintiff's in 1944 or 1945, placed by the owner, Carrie Reed Bennett, in her safety deposit box in the First Produce State Bank, Minneapolis, Minnesota, together with a deed to her homestead executed January 31, 1944, delivered to plaintiff to effect transfer of title on April 29, 1947, and which were subsequently misplaced. There was no evidence of collusion. Defendant placed a value of $10,000 on the real estate. That donor was in good health at the time of transfer is not disputed. The donor died April 22, 1948.

There is no dispute in this case, as the Court views the evidence, that the plaintiff herein was the executrix of the estate of her mother, Carrie Reed Bennett, who, under the terms of her will, made the plaintiff her beneficiary, and that the plaintiff received eighty per cent of the estate under that will. There apparently is no dispute that in the administration of that estate the plaintiff as executrix paid to the government estate taxes in the amount of $10,173.46, and that such money was derived from the estate. It is plaintiff's contention that these transfers were outright gifts, whereas the government contends they were actually transfers made in contemplation of, or taking effect at death. In filing the return on behalf of the estate, plaintiff did not include these transfers as part of the gross estate, and thereafter defendant determined that these transfers should have been included. The government thereupon made a deficiency assessment in the sum of $8,135.48. This assessment was paid by plaintiff, and, together with interest, amounted to the sum of $9,061.13. The plaintiff, in effect, made that payment under protest, claiming that it was not properly assessable to her or to the estate.

■ The donor is required to divest herself of control over the actual enjoyment of what she put beyond her power to retake. Hence, to constitute a completed gift inter vivos, proof of intent on the part of the donor to make the gift, and actual delivery from the donor to the donee, must be shown. In other words, the donor must surrender all control over the property constituting the gift.[3]

■ The chief distinction between a gift inter vivos and a gift causa mortis is that the gift inter vivos is absolute and irrevocable, while the gift causa mortis, in contemplation of death, is contingent, taking effect only upon the death of the donor, who, in the meantime, has the power of revocation. In either case the gift must be complete and the property delivered and accepted.[4]

■ There was sufficient evidence adduced by plaintiff to warrant submission of the case to the jury. While there was evidence by defendant in the case tending to show that the decedent retained an interest in the purported transfers, the jury decided that the *dominant* motive of decedent was to make immediate gifts to the plaintiff, and that

1. Smart v. United States, D.C., 21 F.2d 188; United States v. Pusey, 9 Cir., 47 F.2d 22.

2. Section 7, Public Laws 378 (81st Congress, First Session of 1949), known as the "Technical Changes Act of 1949", 26 U.S.C.A. § 811(c).

3. Edson v. Lucas, 8 Cir., 40 F.2d 398; Tyson v. Commissioner, 8 Cir., 146 F.2d 50; Cashman v. Mason, 8 Cir., 166 F.2d 693, 696, wherein the Court said:
   "In Minnesota the requisites of a valid gift inter vivos are delivery, intention to make a gift on the part of the donor, and absolute disposition of the subject of the gift."

4. Scott v. Self, Acting Collector, 8 Cir., 208 F.2d 125.

such gifts, both as to the bonds and the homestead, were completed. In reaching that result, the jury was entitled to consider all the relevant factors in deciding what the *dominant* motive of decedent was.[5]

The jury has thus spoken on the questions of fact involved and the motion of the defendant for judgment or a new trial must, therefore, be denied.

It is so ordered.

5. Campbell's Estate v. Kavanagh, D.C.Mich., 114 F.Supp. 780.