WOODS, Circuit Judge.
This appeal is from an order of the circuit court dismissing the intervening petition of the United States filed in the consolidated cause of John M. Olmstead and others against the Distilling & Cattle-Feeding Company, a corporation of Illinois, of which, by appointment of the circuit court, John McNulta was and is receiver. Included with the properties of which the receiver had been put in charge was the distillery of the Nebraska Distilling Company, located at Nebraska City, which had theretofore been transferred to the Distilling & Cattle-Feeding Company. Before the transfer, on November 21, 1891, a deficiency assessment against the distillery had been made by the commissioner of internal revenue, amounting, after reductions which need not be explained here, to the sum of $2,161.71, alleged to be unpaid. The petition, after alleging the facts, prayed an order upon the receiver to pay the assessment, or, in the event that such order could not be made, that permission be granted by the court for the immediate levy of a distraint warrant upon the distillery and premises, to the end that the same be sold, in pursuance of the statutes in such cases provided, to satisfy the claim. The receiver answered to the effect that the deficiency for which the tax was assessed was caused by the use of a new still, which was imperfect and defective in its working. The amount *286 and date of the assessment were agreed upon, and it was stipulated that certain affidavits which are set out in the record should, be read on the hearing with the same force as if in the form of' depositions. The final entry shows that after hearing the evidence and the arguments of counsel the court ordered that the-petition be dismissed, and thereupon the United States interposed, a motion to dismiss without prejudice, which motion the court denied, and thereupon ordered that the petition be dismissed for-want of equity.
Error is specified in various forms, but the essential question is whether it was within the rightful power or jurisdiction of the-circuit court to inquire into the validity or justness of the assessment which the court was asked to order paid or to permit to be-enforced directly against the property in the custody of the court, against which the assessment had been made. The statutory provisions which have been cited as bearing on the question are sections 3224, 3226, 3227, 3264, 3309, 3310 of the Revised Statutes, and section 6, c. 125, 1 Supp. Rev. St. U. S. The inhibition of section* 3224 against suits “for the purpose of restraining the assessment or collection of a tax,” and the provisions of sections 3226 and’ 3227, that a suit to recover an illegal tax shall not be brought until after appeal to the commissioner of internal revenue, and; must be brought within two years next after the cause of action-accrued, are not applicable, it is clear, because this was not a suit either to recover or to restrain the collection of a tax. The-case comes within the decision in Clinkenbeard v. U. S., 21 Wall. 65, that the prohibition against bringing a suit until after an appeal to the commissioner does not apply when suit is brought by the government, and the person taxed is defendant instead of' plaintiff. The limitation of time prescribed in section 3227, it is equally clear, does not affect the right to set up matter of defense in a proceeding in which the government is the moving party. Besides, the limitation is against suits “for the recovery of' any internal tax alleged to have been erroneously or illegally assessed or collected,” and notwithstanding the alternative expression “assessed or collected,” it is evident there can be no “recovery” of an uncollected or unpaid tax, and in this case, consequently, a cause of action to recover the tax had not accrued' when the intervening petition was filed; and, once the government chose to come into court for relief, it was competent for the receiver, representing the interests involved, to show that the assessment was erroneous or illegal, and should not be enforced. In section 3207 of the Revised Statutes it is provided that the commissioner of internal revenue may direct the bringing of a bill in* chancery “to enforce the lien of the United States for tax upon any real estate,” and that at the hearing the court shall adjudicate all matters involved “and finally determine the merits of all' claims to and liens upon the real estate in question”; and, while-this was not a proceeding under that section, it was strongly analogous, and we have no doubt that the court, upon the petition presented, had authority to determine the merits, and was not’ *287 limited to the inquiry whether an assessment had been made, and remained unpaid, as alleged. It follows that there was no error in the refusal of the court to allow the petition to be dismissed without prejudice. The merits having been put in issue, and the finding of the court announced, it was proper that there should be a conclusive decree.' Whether, if the petition had been simply for leave to the government officers to enforce the collection of the tax by seizure and sale of the distillery, the court could properly have inquired into the merits of the assessments, is a question which does not arise, and is not determined.
In respect to the facts there is no dispute. It is clear that the-deficiency of production, for which the assessment was made, was caused by a defective still, and “was not, in any sense, the result of culpable neglect, default, or mismanagement of the owners,, proprietors, or managers having charge.” The district attorney has urged that under section 3310 of the Revised Statutes “there-should have been an application to the collector to have the distillery sealed up until the fault in the machinery could have been rectified,” but we are convinced that there was no want of diligence in that respect, nor “any fraudulent purpose on the part of the distiller.” See U. S. v. Rindskopf, 105 U. S. 418; Felton v. U. S., 96 U. S. 699.
Reference is made in the brief of the district attorney to an order of the court of January 28, 1895, which, it is said, was erroneous, and should have been set aside upon the filing of the intervening petition, because it restrained the collection of this tax. But no such order is shown in the record before us. The intervening petition makes no mention of it, and it does not appear that the court was asked to set it aside. The decree below is affirmed.