PLAUT et al. v. ONE HUNDRED AND SEVEN BARRELS OF PORTO RICAN BAY RUM et al.

(District Court, E. D. New York. December 10, 1908.)

**1.** APPEARANCE (§ 17*)—JURISDICTION—WAIVER OF OBJECTION.

The filing by the United States of a notice of appearance in a suit in rem, and of claim to the property in the custody of the court, is an admission of the jurisdiction of the court to such extent as to preclude the subsequent filing of exceptions to the jurisdiction.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 70–75; Dec. Dig. § 17.*]

**2.** REPLEVIN (§ 12*)—ACTION TO RECOVER GOODS HELD BY CUSTOMS COLLECTOR—DEFENSES.

Libelants instituted a petitory and possessory suit for certain goods which had been brought in a vessel from Porto Rico to New York, mak-

ing the collector of the port a defendant, on an allegation that he had illegally taken possession of the goods under a claim that they were subject to a tax. The collector was not served, but a notice of appearance and claim was filed on behalf of the United States, alleging that the goods were subject to an internal revenue tax. The goods were taken by the marshal from the vessel, not having been entered at the custom house. *Held*, that the notice filed by the United States stated no ground of defense to libelants' suit, since no claim to a tax could be asserted or litigated prior to the entry of the goods, and that the goods should be returned by the marshal to the libelants, who had never been deprived of their rights of entry, and who must enter the goods according to law.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 103; Dec. Dig. § 12.*]

John David Lannon and William M. Stockbridge, for libelants.
William J. Youngs, U. S. Atty., and Levi Cooke, for claimants.

CHATFIELD, District Judge. Albert Plaut and Joseph Plaut, as copartners, have filed a libel in a possessory and petitory action against Edward S. Fowler and a certain quantity of bay rum, which came to the United States from Porto Rico upon the steamer S. V. Luckenbach, arriving in Brooklyn on the 19th day of October, 1908. The libel in the action alleges that the 107 barrels of bay rum were a part of the cargo of said vessel, consigned to the libelants at New York, and that this bay rum was their property. The libel further alleges that one Edward S. Fowler, on the 19th day of October, 1908, illegally and without consent, etc., took possession of the said bay rum, and has ever since detained the same. Other allegations of the libel set forth that certain litigations had been had with reference to the legality of imposing an internal revenue tax upon bay rum imported from Porto Rico, and that the respondent Fowler was the collector of the port, who had taken and maintained possession of said bay rum solely for the purpose of keeping it subject to the orders of the collector of internal revenue of the First district of New York, for the payment of said tax; and that the said bay rum was not taken under any provision of law relating to customs or navigation, or any law providing for a penalty or forfeiture. The prayer of said petition was that process should issue against the said bay rum, and that the said Edward S. Fowler should be personally cited to appear and answer, and that the bay rum should be delivered to the libelants, and that Mr. Fowler should be condemned to pay costs.

The record of the case shows that Mr. Fowler was never served. The seizure of the bay rum by the marshal upon the process issued, as shown by the return and records of the marshal, occurred upon the 19th day of October, 1908, on board the steamer S. V. Luckenbach, at Brooklyn before the goods had been entered at the port of New York, or landed from the vessel, and at a time when the goods were still in the possession of the officers of the vessel. Subsequently to the seizure by the marshal a notice of appearance and claim was filed on behalf of the United States of America, by the United States attorney for the Eastern district of New York, who states in his notice that

the United States claims the property in the possession of the marshal, and that this claim arises—

"from the fact that by the laws of the United States, and the regulations of the Treasury Department applicable thereto, the said bay rum is subject on its arrival at the port of New York to an internal revenue tax of $1.10 per gallon, no part whereof has been paid."

Subsequently, and without order of the court or extension of time, the United States filed exceptions to the sufficiency of the libel and to the jurisdiction of the court. These exceptions were both too late in time of filing and are of no effect, inasmuch as the filing of a claim had admitted the jurisdiction of the court to the extent necessary for considering what questions could properly be raised under the libel. The exceptions, therefore, must be disregarded and stricken from the case. No answer, or pleading that can be construed as an answer, has been filed by any one.

The claim of the United States, filed by the district attorney, shows no ownership nor basis for claim of title in the United States; nor does the mere statement that the United States asserts its right to collect the tax, raise any issue or present any obstacle in this case. The marshal has never advertised for claims, nor has the libelant done anything to maintain his alleged cause of action as against Mr. Fowler, whom he did not have served, and as to whom the records of the case show no notice has been sent.

This court has not the power to interfere with the collection of a tax (section 3224, Rev. St. [U. S. Comp. St. 1901, p. 2088]), unless it has obtained jurisdiction of the question of the imposition and validity of the tax by some affirmative proceeding on the part of the United States. U. S. v. Neb. Dist. Co., 80 Fed. 285, 25 C. C. A. 418. In the case at bar the United States has stated that it claims the right to collect a tax; but that has nothing to do with the right to possession by the libelants of goods which they must enter at the port of New York, and which the proper official of the government must seize and hold subject to the tax, if the tax is to be collected. The question of the validity of this tax, if collected, or recovery of any amount so collected, must be determined according to law, if an attempt is made to collect the tax, and not before.

The assertion that the United States claims its right to this tax has nothing to do with the allegation of the libelants that the goods belonged to them at the port of New York, and that prior to entry, and as between them and the collector of customs, some dispute as to possession has arisen.

Upon the whole record, the marshal must be ordered to turn over the goods to the libelants, at the pier used by the steamer S. V. Luckenbach, and the goods will then be in the same condition as at the time of the original seizure, and must be legally imported into the United States, as if no seizure by the marshal had been had.