## BROWN PAPER MILL CO., Inc., v. AGAR MFG. CORPORATION.

District Court, S. D. New York.

Jan. 15, 1941.

Milbank, Tweed & Hope, of New York City, for plaintiff.

Wayland & Bernard, of New York City (Caesar Nobiletti and Richard F. Curran, both of New York City, of counsel), for defendant.

CONGER, District Judge.

Motion by plaintiff to dismiss the second counterclaim in the amended answer herein. The plaintiff contends that the court lacks jurisdiction over the plaintiff and over the subject matter of said counterclaim in that it is not pleadable to the complaint herein.

The plaintiff has sued defendant for goods sold and delivered between March, 1939, and May 31, 1940, for $150,353.84. Defendant, in its amended answer, has denied generally the material allegations of the complaint, and in addition, interposes four separate and distinct counterclaims against the plaintiff. The second counterclaim is the one in which defendant is asking for treble damages against the plaintiff under the anti-trust laws, and is the one in controversy herein.

Plaintiff's contention is that the alleged violation of the anti-trust laws relate to collateral matters and may not be interposed as a counterclaim in an action for goods sold and delivered, and particularly so, since here there is no allegation that the goods sold and delivered to defendant were sold pursuant to a contract illegal under the anti-trust laws. Plaintiff further contends that any remedy which defendant has against the plaintiff must be pursued by way of direct action and not by way of counterclaim.

■ There is little doubt but that the law was well settled before the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that in an action for goods sold and delivered, the defendant could not interpose a counterclaim or a defense under the anti-trust laws where the cause of action in the counterclaim, or the defense, arose out of collateral transactions. Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679; Wilder Mfg. Co. v. Corn Products Co., 236 U.S. 165, 35 S.Ct. 398, 59 L.Ed. 520, Ann.Cas.1916A, 118; Small Co. v. Lamborn & Co., 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597; Sinclair Refining Co. v. Wilson Gas & Oil Co., D.C., 52 F.2d 974.

It was held in Continental Wall Paper Co. v. Louis Voight & Sons, 212 U.S. 227, 29 S.Ct. 280, 53 L.Ed. 486, that a defense would be allowed where that defense under the anti-trust laws, 15 U.S.C.A. § 1 et seq., arose out of the same transactions and contracts upon which the complaint itself was based.

■ However, since the enactment of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the procedure of alleging counterclaims is governed by Rule 13. In cases where a defendant has a cause of action against the plaintiff which arises out of the same facts or transactions as the complaint, it must be pleaded as a counterclaim under Rule 13 (a). Where the defendant has a right of action against the plaintiff, although arising out of collateral matters to the subject matter of the complaint, it may be pleaded as a counterclaim under Rule 13 (b).

Rule 13 (b), which would govern in a case similar to the one at bar, reads as follows: *"Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."* It would appear from a reading of that rule that the within counterclaim is rightfully pleaded. The plaintiff, however, argues that this rule must be read in connection with Rule 82, which specifically provides that the civil rules shall not be construed to extend or limit the jurisdiction of the District Courts; and further, that since the counterclaim is a substantive right, not allowed as a counterclaim before the new rules, it cannot be allowed herein as the new rules do not attempt to confer any substantive rights, or otherwise it would be extending the jurisdiction of the District Courts. I cannot agree with plaintiff on this view.

Without deciding whether or not a counterclaim is a substantive right, it must be conceded that the only forum in which an action under the anti-trust laws may be brought is in the federal courts, since it arises under a federal statute. Independent grounds for jurisdiction of the District Courts need not be alleged. Even assuming that the within counterclaim is a substantive right, Rule 13 (b) provides only the procedure by which the cause of action may be brought as a counterclaim. It does not extend the jurisdiction of the federal

courts, since the federal courts are the only forums in which there is jurisdiction, either by way of direct action or by counterclaim.

If a counterclaim is based on a non-federal cause of action, then it is possible (although I am not passing on this question) that independent jurisdictional grounds would have to be alleged in the counterclaim in order for the federal courts to take jurisdiction of it as a counterclaim to an action rightfully in this court.

However, in the instant case, the court has jurisdiction of the subject matter of the complaint by reason of diversity of citizenship of the parties, and also of the counterclaim by reason of a federal question. It would be idle to dismiss the counterclaim and require the defendant to commence an independent action. Rule 13 (b) was enacted for the very purpose of dispensing with needless independent actions, when those existing causes of action might be brought as permissive counterclaims against an opponent.

It is true that the defendant herein may not have been injured by the alleged combination in restraint of trade under the anti-trust laws, which injury he will have to prove to recover treble damages, but that question goes to the sufficiency of the counterclaim, which question is not before me.

I am aware of the holding in Barnsdall Refining Corp. v. Birnamwood Oil Co., D. C., 32 F.Supp. 314, but I am not in agreement with the result therein.

Motion denied. Settle order on notice.