**OHIO CASUALTY INS. CO. v. MALONEY et al.**

**No. 2366.**

District Court, E. D. Pennsylvania, E. D.

Jan. 28, 1943.

342

Henry S. Ambler, of Philadelphia, Pa., for plaintiffs and third-party defendant Keystone Dairies, Inc.

A. Archer Cross, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a motion to bring in a third-party defendant in the above mentioned case. The plaintiff by bill in equity filed a complaint asking that a decree be entered that a certain policy of insurance did not insure one of the defendants, Joseph W. Maloney, for injuries or damages as the result of an accident happening in Montgomery County, Pennsylvania, wherein a truck owned by the Keystone Dairies Company, Inc., the third-party defendant sought to be brought on the record, was involved in a collision with two other automobiles resulting in injuries and damages to the other defendants whose names are set forth in the complaint. Certain of the defendants filed an answer and a counterclaim wherein, in the latter, claims against Keystone Dairies Co., Inc., for certain money judgments, for injuries allegedly received as a result of the carelessness and negligence of the said Joseph W. Maloney while in the employ and on the business of the Keystone Dairies Company, Inc., were pleaded.

This, as has been indicated, is a motion to bring in the Keystone Dairies Company, Inc., as a third-party defendant with the right to serve upon it a summons and third-party complaint. The sole question raised here is whether or not the defendants can file a counterclaim in their answer making it in reality a third-party plaintiff which counterclaim is a legal action, when the original bill as here is one in equity. An examination of Rule 13 under the Federal Rules, 28 U.S.C.A. following section 723c, convinces me, especially 13(a), that it is compulsory on the defend-ant to plead a legal as well as an equitable counterclaim "if it arises out of a transaction or occurrence that is the subject matter of the opposing party's claim". I think it can fairly be said that the transaction or occurrence set forth in the counterclaim is of the subject matter of the plaintiff's bill. It would indeed be an extremely narrow construction of Rule 13(a) to hold that only equitable claims should be made the subject matter of counterclaims when the original action is in equity. It may be, in the disposition of the equity claim, that the whole matter can be determined and if not the action at law may then be proceeded with, as it would be in the interest of avoiding a multiplicity of suits to have the whole matter disposed of in one set of pleadings, and at one time, which is the end sought to be attained under the Federal Rule. Union Central Life Insurance Company v. Burger et al., D.C., 27 F.Supp. 554; Beaunit Mills, Inc., v. Eaday Fabric Sales Corporation, 2 Cir., 124 F.2d 563, and notes page 566.

Motion allowed.