## THE BRENNERO.

### No. A–135a.

District Court, D. New Jersey.

Jan. 19, 1944.

Rambo, Rambo & Knox, by Paul W. Knox, all of Philadelphia, Pa., for petitioner Knox.

Homer L. Loomis (of Loomis & Williams), all of New York City, for claimant and petitioner Loomis.

Albert Parker, Atty., Alien Property Unit, War Division Dept. of Justice, of Washington, D. C., for Alien Property Custodian.

B. Thorn Lord, U. S. Atty., of Newark, N. J., for the United States.

SMITH, District Judge.

The libellant, United States of America, on September 10, 1941, having previously seized the vessel Brennero, filed a libel of information, under Section 3 of the Act of June 15, 1917, c. 30, 40 Stat. 220, as amended by Section 3(b) of the Act of March 28, 1940, c. 72, 54 Stat. 79, 50 U.S.C.A. § 193, in which it prayed that the vessel be condemned and forfeited. The claimant, Garibaldi Societa Anonima Cooperativa di Nav-

igazicne, on January 2, 1942, filed a claim in which it asserted a right to the possession of the vessel and its cargo as the bailee thereof. The claim alleged that the Kingdom of Italy was "the true and bona fide sole owner of the said Vessel Brennero."

On October 30, 1941, while the suit was thus pending, the United States Maritime Commission, acting under the authority of the President, pursuant to and in accordance with the Act of June 6, 1941, c. 174, 55 Stat. 242, 50 U.S.C.A.Appendix § 1271, requisitioned the use and possession of the said vessel. Thereafter, on December 16, 1941, on the petition of the libellant and over the objection of the claimant, the validity of the requisition was recognized by the Court and possession of the vessel was surrendered to the Commission. The Court, however, retained jurisdictional custody of the vessel for the purposes of this suit.

On July 22, 1942, the Alien Property Custodian, acting under the authority of the President, pursuant to and in accordance with Sections 5(b) and 7(c) of the Trading with the Enemy Act, 40 Stat. 415, 50 U.S.C.A.Appendix 5(b) and 7(c), as amended by Section 301 of the First War Powers Act, 1941, 55 Stat. 839, 50 U.S.C.A. Appendix § 616, and Executive Order No. 9095, 50 U.S.C.A.Appendix § 6 note, having determined that the claimant was an enemy within the meaning of Section 2 of the said Act, 50 U.S.C.A.Appendix § 2, and that the said vessel and its cargo were the property of a national of a foreign country designated in Executive Order No. 8389 as amended, 12 U.S.C.A. § 95 note, demanded and seized the vessel and its cargo.

The Custodian on July 30, 1942, filed a petition in which, after reciting the facts hereinabove summarized, he prayed for leave to intervene herein "in the place and stead of the Claimant." The claimant, in response to the said petition, filed an answer in which, after admitting the essential facts, it disputed the right of the Custodian to relief. The suit is before the Court at this time on the issues of law thus raised, but it clearly appears unnecessary to decide them.

■ The issues of the present suit became moot upon the seizure of the said vessel and its cargo by the Custodian. See the opinion of this Court filed in the case of The Aussa, D.C., 52 F.Supp. 927. The suit must, therefore, be dismissed.

This case is complicated by a situation which was not present in the related cases. It becomes necessary to separately consider the facts and circumstances of the situation because of the pending petitions of the Custodian and the Proctor for the Claimant.

The vessel, at the time of the initial seizure and the subsequent requisition by the Commission, was laden with a cargo of oil which was not made a subject of the libel. This Court, on the petition of the libellant and after hearing, having determined that the said cargo was perishable, and, as stored on the vessel, exposed to pollution and hazard, authorized and directed its sale at public auction. The terms and conditions of the sale were embodied in an order entered on October 30, 1941. The cargo was sold and the net proceeds realized from the sale thereof, to wit, $151,599.45, were deposited in the registry of the court, as directed in the said order, to await the further action of the Court.

On March 17, 1943, the Custodian filed a verified petition in which he asserted a right to this fund under Sections 5(b) and 7(c) of the Trading with the Enemy Act, as amended, supra, and Executive Order No. 9095, supra, and prayed for its immediate payment to him as Custodian. The terms and conditions of confiscation and seizure were embodied in Vesting Order No. 52 (7 Fed.Reg. 5738), a copy of which was annexed to the said petition.

The right of the Custodian to the fund was challenged by the Proctor for the Claimant, who, in addition to disputing the right of the Custodian, asserted claims against the funds in the full amount thereof. These claims were urged in two petitions for allowances, the one filed herein on May 11, 1942, and the other filed herein on March 24, 1943. It appears from a reading of the said petitions that the claims are for compensation for services rendered the Garibaldi Societa Anonima Cooperativa di Navigazione and the Royal Italian Government, and for disbursements made on their behalf.

■ It is our opinion that the Court is without jurisdiction to entertain the petitions for allowances. The claims for compensation, as therein asserted, are in substance suits against the United States and, as such, may be maintained only with the consent of the sovereign, in the manner prescribed and in the court designated by statute. The only remedy available to the Proctor for the Claimant is that provided by Section 9(a) of the Trading with the Enemy Act, 50 U.S.C.A.Appendix § 9(a).

Section 7(c) of the said Act, 50 U.S.C.A. Appendix § 7(c), makes the remedy therein provided exclusive. Central Trust Co. v. Garvan, 254 U.S. 554, 41 S.Ct. 214, 65 L. Ed. 403; Stoehr v. Wallace, 255 U.S. 239, 41 S.Ct. 293, 65 L.Ed. 604; Commercial Trust Co. v. Miller, 262 U.S. 51, 43 S.Ct. 486, 67 L.Ed. 858. The petitions for allowances do not meet the jurisdictional requirements.

██ The Custodian, upon seizure of the "proceeds of the cargo,"[1] acquired absolute title to the fund on deposit in the registry of the court,[2] United States v. Chemical Foundation, 272 U.S. 1, 47 S.Ct. 1, 71 L. Ed. 131; Woodson v. Deutsche, etc., Vormals, 292 U.S. 449, 54 S.Ct. 804, 78 L.Ed. 1357; Cummings v. Deutsche Bank, 300 U.S. 115, 57 S.Ct. 359, 81 L.Ed. 545, and a right to its immediate possession. Commercial Trust Co. v. Miller, supra. The only remedy thereafter available to "any person not an enemy", including the Proctor for the Claimant, was that provided by the Trading with the Enemy Act, and particularly Section 9(a) thereof.

The petitions for allowances filed herein by Homer L. Loomis and Paul W. Knox, as Proctors for the Claimants, are dismissed. The petition filed herein by the Alien Property Custodian is entertained, and the relief therein prayed is allowed.

---

[1] Vesting Order No. 52, 7 Fed.Reg. 5738.

[2] "2. The Alien Property Custodian is authorized and empowered to take such action as he deems necessary in the national interest, including, but not limited to, the power to direct, manage, supervise, control or vest, with respect to: * * * (f) any property of any na-

ture whatsoever which is in the process of administration by any person acting under judicial supervision or which is in partition, libel, condemnation or other similar proceedings and which is payable or deliverable to, or claimed by, a designated enemy country or national thereof." Executive Order No. 9095, 50 U. S.C.A.Appendix § 6 note.