## VAHLE v. MARKHAM.

### Civ. A. No. 4369.

District Court, E. D. Pennsylvania.
May 28, 1946.

M. E. Maurer, of Wexler & Weisman, all of Philadelphia, Pa., for plaintiff.

Loretta I. Martone, Claims Division, Department of Justice, of Washington, D. C., James P. McCormick, Asst. U. S. Atty., of Philadelphia, Pa. (John F. Sonnett, Asst. Atty. Gen., Harry LeRoy Jones and Irving J. Levy, Sp. Assts. to Atty. Gen., Walter T. Nolte, of Washington, D. C., and Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for defendant.

BARD, District Judge.

Defendant moves for leave to file a supplemental answer asserting a counter-claim under Federal Rules of Civil Procedure, rule 13(e), 28 U.S.C.A. following section 723c.

Ernest Vahle, owner of real estate and a business located at 319 Market Street, Philadelphia, died testate in 1929 bequeath-

ing the business and realty to his nephews, Wilhelm Vahle and Henry Vahle. The two cousins owned and operated the business jointly until December 1932, when Wilhelm Vahle returned to Germany with the apparent intention of remaining there permanently.

On May 19, 1944, the Alien Property Custodian issued Vesting Order No. 3698 in which he made a finding that Wilhelm Vahle was a national of an enemy country and vested in himself Wilhelm's undivided one-half interest *in the real property described*.

In January 1945 Henry Vahle brought this action against the Alien Property Custodian seeking a judgment decreeing plaintiff to be the equitable owner of the undivided one-half interest in the premises covered by Vesting Order No. 3698, and ordering the Alien Property Custodian to transfer legal title to plaintiff on the payment of $6,000 by plaintiff. The complaint alleged an agreement between plaintiff and Wilhelm Vahle under the terms of which Wilhelm agreed to convey to plaintiff the legal title to his interest in the property for $6,000.

Defendant's answer, filed April 6, 1945, denied the existence of a contract for conveyance of Wilhelm Vahle's legal title to plaintiff and, as an affirmative defense, alleged that this contract was not in writing signed by Wilhelm and therefore was not enforceable under the statute of frauds.

On July 16, 1945 the Alien Property Custodian issued Supplemental Vesting Order No. 5094, 10 F.R. 9133, whereby he vested in himself *"all right, title, interest and claim of any kind or character whatsoever of Wilhelm Franz Vahle, also known as William Vahle, under an agreement entered into by and between Henry Vahle and William Vahle, on December 15, 1932, evidenced by Agreement and Bill of Sale, both dated December 15, 1932, * * *."*

The proposed supplemental answer asserts a counterclaim against plaintiff based on the written agreement of December 15, 1932. The counterclaim alleges that plaintiff is in default under this agreement in the sum of $22,500, and that defendant became vested with Wilhelm Vahle's rights under this contract on July 16, 1945 upon execution of Supplemental Vesting Order No. 5094.

Rule 13(e) of the Federal Rules of Civil Procedure provides as follows: "Counterclaim Maturing or Acquired After Pleading. A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."

Plaintiff contends that the Alien Property Custodian succeeded to all the property rights of Wilhelm Vahle on the date the Trading with the Enemy Act[1] became operative because of hostilities between this country and Germany. If this is true, then defendant's counterclaim was available to him on the date his answer was filed and the provisions of Rule 13(e) would not be applicable.

Plaintiff misconstrues the effect of the Act. The Alien Property Custodian acquires title to the property of an alien upon seizure of the alien's property or the issuance of a vesting order. Cummings, U. S. Attorney, v. Hardee, 70 App.D.C. 18, 102 F.2d 622, certiorari denied 307 U.S. 637, 59 S.Ct. 1033, 83 L.Ed. 1518; The Brennero, D.C.N.J., 53 F.Supp. 441, affirmed 3 Cir., United States v. The Antoinetta, 153 F.2d 138. Until the right of seizure is exercised, title to such property remains in the alien. Balkan Nat. Ins. Co. v. Commissioner of Internal Revenue, 2 Cir., 101 F.2d 75.

When defendant issued Vesting Order No. 3698 on May 19, 1944, he acquired title to the enemy alien's undivided one-half interest in the real estate only. The Alien Property Custodian did not acquire the enemy alien's rights under the agreement of December 15, 1932 until he

---

[1] Act of October 6, 1917, c. 106, §§ 5(b) and 7(c), 40 Stat. 415, 50 U.S.C.A.Appendix, §§ 5(b) and 7(c), as amended December 18, 1941, First War Powers Act, c. 593, Title III, § 301, 55 Stat. 839, 50 U.S.C. A.Appendix, § 616, and Executive Order No. 9095, 7 F.R. 1971 and Executive Order No. 9193, 50 U.S.C.A.Appendix, § 6 note, 7 F.R. 5205.

issued Supplemental Vesting Order No. 5094 on July 16, 1945. Therefore, when defendant filed the answer on April 6, 1945 he had not yet acquired Wilhelm Vahle's rights in the agreement of December 15, 1932 and could not assert on that date the proposed counterclaim.

█ The proposed counterclaim falls squarely within the provisions of Rule 13 (e). *Michigan Tool Co., Inc. v. Drummond*, D.C.D.C., 33 F.Supp. 540. The procedural rules are designed to eliminate multiplicity of suits and to dispose of all claims between the parties in one proceeding.

Accordingly, defendant's motion for leave to file the proposed counterclaim is granted.