**LOUISVILLE TRUST CO. v. GLENN, Collector of Internal Revenue, et al.**

**No. 541.**

District Court, W. D. Kentucky,
Louisville Division.

Aug. 2, 1946.

Ogden, Galphin, Tarrant & Street, of Louisville, Ky., for plaintiff.

Irvin Marcus and J. Verser Conner, both of Louisville, Ky., for defendant Cummins Distilleries Co.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, Homer R. Miller, and Robert R. Reynolds, Jr., Sp. Assts. to the Atty. Gen., David C. Walls, U. S. Dist. Atty., of Louisville, Ky., for the United States.

MILLER, Circuit Judge. (Sitting by designation).

The United States, intervening petitioner herein, has filed motions (1) to modify and vacate the judgment entered herein on June 7, 1946, D.C., 65 F.Supp. 193, and (2) to strike from the record the amended answer, counterclaim and cross-petition of defendant Cummins Distilleries Corporation filed herein on June 7, 1946.

Complaint is made of Paragraph 5 of the judgment in that it does not state the correct amounts to which the United States is entitled for (a) income taxes for fiscal year ending August 31, 1946, (b) declared value of excess profit taxes for fiscal year ending August 31, 1942, and (c) excess profit taxes for fiscal year ending August 31, 1941. This objection is well taken. The amounts were stipulated between the parties, and the amounts contained in the judgment are evidently inadvertent errors. The correct amounts as contained in the stipulation should be (a) $15,563.49 with 6% interest per annum from August 6, 1943, (b) $2090.25 with 6% interest per annum from November 5, 1943 and (c) $44,568.16 with 6% interest per annum from November 5, 1943.

Complaint is also made of that part of the judgment contained in the last part of Paragraph 5 and in Paragraphs 6 and 7, in that the Cummins Distilleries Corporation is not entitled to have credited against the tax indebtedness adjudicated in the first part of Paragraph 5 the two amounts of $58,904.34 and $3,442.59 which the Government collected by distraint and involuntary payment, and has applied on the Corporation's alleged tax liability for the year ending January 26, 1943. It has been adjudicated in this case that such tax liability for the year ending January 26, 1943, did not exist, which means that these amounts have been improperly collected by the United States. The United States contends, however, that the only way in which the Cummins Distilleries Corporation can recover these payments is by a claim for refund, followed by an independent action if the claim is denied or not acted upon within six months. §§ 3770 and 3772, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 3770, 3772. It is pointed out that the amounts improperly collected are for the period ending January 26, 1943, and that an attempt is being made to apply these amounts as credits for taxes admitted to be owing for the years ending August 31, 1941, and August 31, 1942. Since different tax years are involved, it is claimed that the defense of recoupment, as allowed in Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, is not applicable. I do not agree with the Government in this contention. The credits so authorized by the judgment were requested by the amended answer, counterclaim and cross-petition filed by the Cummins Distilleries Corporation on June 7, 1946. It is true that the relief sought is not strictly that of recoupment in that the Government's claims for 1941 and 1942 and the defendant's claim for 1943 do not arise out of the same transaction, as required by Bull v. United States, supra. It is also, for the same reason, not a counterclaim in the strict meaning of the term, and as defined by Rule 13(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. However, it appears to be a permissive counterclaim, as is authorized by Rule 13(b) of the Rules of Civil Procedure. See also Big Cola Corporation v. World Bottling Co., 6 Cir., 134 F.2d 718, 723. Where the Government sues a taxpayer to recover taxes, the taxpayer may file such a counterclaim as a defense, without being required as a condition precedent thereto that he file the claim for refund and wait six months as provided by § 3772, Internal Revenue Code. The assertion of such a defense is not the maintenance of a "suit or proceeding * * * for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected" within the meaning of that section. Bull v. United

States, supra; United States v. Pusey, 9 Cir., 47 F.2d 22; In re General Film Corporation, 2 Cir., 274 F. 903; United States v. Nebraska Distilling Co., 7 Cir., 80 F. 285; Clinkenbeard v. United States, 21 Wall. 65, 22 L.Ed. 477. See also Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265.

■ The United States contends, however, that the amended answer, counterclaim and cross-petition of June 7, 1946, was improperly filed and should be stricken from the record. Complaint is first made of the time of filing, which was subsequent to the trial of the case and the Court's ruling. It did not, however, set up anything new to the issue decided by the Court. It deals solely with the form of the judgment and the relief which the defendant may be entitled to based upon the ruling of the Court. Its filing at that time appears authorized by Rule 13(f) of the Rules of Civil Procedure, which permits such a counterclaim to be presented by amendment "when justice requires." The Court feels that it would be very unjust to the defendant to award the United States a judgment in this case for unpaid taxes for the years ending August 31, 1941 and August 31, 1942 and not permit the defendant to have applied as a credit on that judgment the amounts which, as now decided in this same action, have been improperly and erroneously collected by the Government. The Government has presented all of its claims for the several years in question in this one action. All of the issues involved in those years have been decided in this same action. It is the purpose of Rule 13 to avoid multiplicity of suits and to dispose of the whole matter in controversy in one action. The adjustment of defendant's demand by counterclaim rather than by independent suit is favored by the rule. Brown Paper Mill Co. v. Agar Mfg. Corp., D.C., 1 F.R.D. 579; Pennsylvania R. Co. v. Musante-Phillips Inc., D.C., 42 F.Supp. 340; Gallahar v. George A. Rheman Co., D.C., 50 F.Supp. 655, 661; Ohio Casualty Ins. Co. v. Maloney, D.C., 3 F.R.D. 341. All claims of the Government and all claims of the defendant involved in the specific years that the Government has chosen to litigate, should be settled in this one suit.

In the opinion of the Court both justice and reason require that the amended answer, counterclaim and cross-petition be permitted to be filed.

■ The Government also contends that the Cummins Distilleries Corporation could not legally file the amended answer, counterclaim and cross-petition, because the date of filing, June 7, 1946, was more than three years after the dissolution of the corporation, the time limit provided by Delaware law, under which law the defendant held its charter. I believe this contention is answered by the express terms of the statute involved. § 42 of the Delaware Corporation Law, Rev.Code 1935, § 2074, after providing that a dissolved corporation continues in existence for three years for the purpose of winding up, then provides that with respect to any suit commenced against it prior to such expiration, the corporation shall for the purpose of such suit be continued as a body corporate beyond the 3-year period and until any judgment therein shall be fully executed. See also Eastman, Gardiner & Co. v. Warren, 5 Cir., 109 F.2d 193.

■ The Government also contends that no opportunity was given it to deny the allegations of the amended answer, counterclaim and cross-petition, or to file a defensive pleading thereto, and that it was an error to enter the judgment without affording it such an opportunity. Notice of the filing was given to Government counsel at the time. The Court was of the opinion that the amended pleading merely alleged facts which were either stipulated by the parties or shown to be true by the proof already introduced, or conceded by the Government to be so through argument and briefs. Accordingly, it presented purely a question of law. At least one, probably two, conferences had been held over a period of several weeks prior thereto, at which Government counsel had been present and the form of the judgment discussed. Further discussion appeared unnecessary. However, the Government's position is technically correct, and the judgment will be set aside for that purpose if the United States still desires to file an answer or defensive pleading to the plead-

ing in question. Unless it presents some issue of fact or some additional issue of law to what has hereinabove been ruled upon, the failure to afford prior opportunity to file it is harmless error and not grounds for vacating a judgment under Rule 61, Rules of Civil Procedure. Such a pleading can be tendered to the Court. Whether it would serve any useful purpose or not depends upon what it contains. For the present, the motion to set aside the judgment will be overruled, without prejudice, however, to its renewal by the Government upon a seasonable tender of the desired responsive pleading referred to.