MIGUEL ÁNGEL SASTRE, Plaintiff and Appellant, *v.* ANTONIO CABRERA RALDIRIS, Defendant and Appellee.

No. 10859.  Argued May 8, 1953.—Decided June 1, 1953.

*Antonio Zapater Cajigas* for appellant.  *Carmelo Avila Medina* and *Ángel Luis Saavedra* for appellee.

1

MR. JUSTICE ORTIZ delivered the opinion of the Court.

On May 16, 1951, there was a collision on the Ponce-Adjuntas road between two vehicles belonging to the parties herein. On account of that accident, on July 13th next, Antonio Cabrera Raldiris filed a complaint for damages against Miguel Ángel Sastre Vicens in the former Municipal Court of Puerto Rico, First Part of Ponce. Before the statutory period of 10 days had elapsed, Sastre Vicens moved for an extension of time to plead. At this stage of the proceedings, Sastre Vicens filed a complaint for damages against Cabrera Raldiris on July 24 in the former District Court of Puerto Rico, Ponce Section, in relation to the same accident. That court granted a motion filed by Cabrera Raldiris to dismiss Sastre Vicens's complaint and held that the latter should have asserted his claim by way of counterclaim against the complaint filed by Cabrera Raldiris in the former Municipal Court, under Rule 13 (a) of the Rules of Civil Procedure, and that having failed to do so, he was barred from filing an independent complaint based on the same transaction or accident. The Ponce Section of the former District Court rendered judgment dismissing the complaint, and Sastre Vicens now appeals to this Court from that judgment alleging that under Rule 13 (a) he could file an independent action in the District Court prior to the expiration of the time to plead in the action pending in the Municipal Court.

Rule 13 (a) provides as follows:

"(a) *Compulsory Counterclaims.*—A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Counterclaims provided by Rule 13 (a) are compulsory, and the failure to file them in compliance with the terms of

said Rule precludes a defendant who failed to assert the counterclaim from bringing an independent action based on the same transaction or occurrence which gave rise to the original action, (3 Moore's Federal Practice 27, 28, § 13.12, 2d ed.), since, by analogy, the rule of res judicata to the effect that a judgment is conclusive as to any question that could have been but was not raised, is applicable. *Hancock Oil Co.* v. *Universal Oil Products Co.*, 115 F. 2d 45; *Thierfeld* v. *Postman's Fifth Ave. Corp.*, 37 F. Supp. 958; *Penn. Ry. Co.* v. *Musante-Phillips Inc.*, 42 F. Supp. 340; *Gallahar* v. *Rheman Co.*, 50 F. Supp. 655.

█ █ Undoubtedly Sastre Vicens filed his action in the former District Court of Ponce without asserting any counterclaim in the case pending in the Municipal Court. It is also clear that the claims of both parties arose out of the same transaction or occurrence. The question to be decided is whether, under Rule 13 (a), a separate action is barred only after the defendant in the original suit has filed his first pleading, or whether such independent action is barred at any time after the filing of the original complaint or even before, after the defendant has filed his first pleading. The problem hinges on the scope of the phrase contained in said Rule, as to requirement of a counterclaim in connection with "any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, . ." A Federal Court indicated in *Prudential Insurance Co.* v. *Saxe*, 134 F. 2d 16, that there was an ambiguity in the quoted phrase as to whether a defendant could file a separate action after the original suit was commenced and before serving his answer in said suit. Federal Rule 13 (a) was amended in 1946 so as to clarify the matter. The advisory committee who recommended said amendment stated that its purpose was to insure against the "undesirable possibility" of allowing. defendant to avoid the obligation to file a counterclaim by bringing an independent action prior to the expiration of

the term to serve his pleading in the original action. The amendment to Rule 13(a) specifically provided that there was no need to file a counterclaim if *at the time the original action was commenced* another action was pending.

It is not necessary to settle that ambiguity in the present case, since the provisions of Rule 13(a), insofar as they require a compulsory counterclaim, are not applicable herein. As already noted, Cabrera Raldiris filed a complaint in the former Municipal Court against Sastre Vicens. The latter in turn filed a complaint in the former District Court, Ponce Section, against Cabrera Raldiris, claiming damages in the amount of $4,000. This all took place prior to the new Judiciary Act (Act No. 11 of July 24, 1952). The former Municipal Court lacked jurisdiction to entertain a claim involving such an amount. A great majority of courts have established the rule to the effect that in an original action for an amount within the jurisdictional limit of a specific court, the Court does not have jurisdiction over a set-off or counterclaim exceeding its maximum statutory jurisdiction. 21 C. J. S. 84, 85; *Higgins* v. *Standard Lloyds*, 149 S. W. 2d 143, 146; *Dupre* v. *Gilland*, 152 S. E. 873; *Hardy* v. *Meadows*, 264 Pac. 968; 14 Am. Jur. 416.

Prior to the approval of the Rules of Civil Procedure, § 112 of our Code of Civil Procedure provided that in causes of action arising out of the same transaction, if the defendant failed to assert his counterclaim, he could not later file an independent action against the plaintiff on the same grounds. Interpreting similar statutes, courts in the United States have adopted the rule that such statutory provisions are not applicable where counterclaims involve an amount in excess of the jurisdiction of a lower court where the original complaint was filed. See the Annotation in 8 A.L.R. 690, 741. In *Metropolitan Casualty Ins. Co. of New York* v. *Walker*, 9 So. 2d 361, it is held that under such circumstances, that is, when the amount of the counterclaim exceeds the jurisdictional limit of a court, counterclaims should not be deemed compulsory.

We are aware that the purpose of Rule 13 (*a*), relating to compulsory counterclaims, is to avoid multiplicity of suits, that all claims be litigated and settled in one suit and to establish an elastic procedure intended for the speedy consideration of judicial matters. *Louisville Trust Co.* v. *Glenn,* 66 F. Supp. 872; *Gallahar* v. *Rheman Co., supra; Vahle* v. *Markham,* 5 F.R.D. 315; *Warren* v. *India Refining Co.,* 30 F. Supp. 281; *Madison Mercantile Products* v. *Frank Ix & Sons,* 7 F.R.D. 615; *Marks* v. *Spitz,* 4 F.R.D. 348; *Seagram Distillers Corp.* v. *Manos,* 25 F. Supp. 233. It is also true that, in general, a defendant should not be allowed to choose his own court, depriving a court of its jurisdiction by means of an independent action in another court. But such statement assumes that the former Municipal Court was able, in this case to entertain, consider and decide Sastre Vicens's claim in the guise of a possible counterclaim. Such counterclaim could not be asserted in the former Municipal Court. It would be an idle gesture, and a moot proceeding, to oblige Sastre Vicens to assert his claim before a Municipal Court that lacked power to entertain it. Rule 13 (*a*) should not be construed to require futilities. The removal of the entire action and of all claims to the former Municipal Court, now District Court, would either bring about the defeat of Sastre Vicens's right to file his claim in a court, or unduly delay litigation upon the dismissal of his counterclaim for lack of jurisdiction. Incidentally, a judgment in the present District Court, formerly Municipal Court, as to Cabrera Raldiris's claim alone, would not be res judicata in regard to Sastre Vicens's claim, since it could never be asserted in that Court.

Our conclusion could probably result in authorizing two independent litigations regarding the same transaction. But such is the unavoidable result of a fact we cannot ignore, namely, the lack of jurisdiction of the former Municipal Court to consider both claims together.

■ Nevertheless, the Judiciary Act (Act No. 11, approved July 24, 1942, (2) p. 30 is now in force. Section 10 of the Act provides as follows:

"The Court of First Instance is a court of original general jurisdiction with power to act in the name and by the authority of the Commonwealth of Puerto Rico in all civil and criminal proceedings as hereinafter provided. Every civil or criminal action shall be filed in the part of the court held at the place where it should have been filed under the legislation heretofore in force; *but no cause shall fail on the ground that it has been submitted to a division without jurisdiction or authority or to a part of the court of improper venue.* Every case may be heard in the division or part where it is brought by agreement of the parties and consent of the judge presiding at the time in such part or, if not so heard, shall be transferred by order of the judge to the appropriate division or part in accordance with such rules as may be adopted by the Supreme Court." (Italics ours.)

One of the aims of that Section coincides with the above stated *desideratum* that all claims of litigants be settled in a single action. Upon remand of this case to the lower court, Miguel Ángel Sastre might choose, if he finds it convenient, to assert his claim by way of counterclaim in the pending action in the present District Court, Ponce Section, and unless the other party or the court object, the case might be fully entertained, and all the claims of the parties adjudicated in the District Court. Clark, "The New Judiciary Act of Puerto Rico," 61 Yale L.J. 1147, 1157.

Since Rule 13 (a) is not applicable hereto, the judgment appealed from will be reversed, and the case remanded to the trial court for further proceedings not inconsistent with this opinion.